### W. L. Patton et al. v. J. T. Slade.

Delivered January 9, 1897.

Constable—Execution of Writ—Ordinary Care—Liability.

Where a constable, in executing a writ of sequestration, uses ordinary care in the removal of defendant's household goods, he is not liable for injuries thereto occasioned by the removal.

Appeal from the County Court of Jack. Tried below before Hon. R. F. Arnold.

*T. D. Sporer* and *J. A. Jones*, for appellants.

[No brief for appellee reached the Reporter.]

HUNTER, Associate Justice.—This suit was brought by J. T. Slade against W. L. Patton, constable of Jack County, and the sureties on his official bond, to recover damages to household goods sustained while being removed from a house and lot by the constable, acting under and by virtue of a valid writ of sequestration issued out of the District Court of Jack County, commanding him to seize and take possession of said house and lot, in a suit of trespass to try title to said premises brought by Jones against the said J. T. Slade.

There is no statement of facts in the record, but the conclusions of fact found by the lower court are as follows:

"1. The court finds that the constable, W. L. Patton, defendant in the above cause, at the time plaintiff's cause of action accrued was acting as constable of precinct No. 4, in Jack County, Texas; that he, as such

constable, had in his possession for service a writ of sequestration commanding him, as such officer, to take into his possession the house and lot occupied by plaintiff J. T. Slade and his family at that time, to-wit, on March 9, 1889; that said writ was regular on its face, and was issued legally from the District Court of Jack County, Texas, in a cause therein pending in which Mrs. E. R. Jones et al. were plaintiff and J. T. Slade et ux. were defendants.

"2. The court further finds that the defendant, in executing said writ of sequestration, was not actuated by any malice or ill feeling toward the plaintiff herein, and that he, as such officer, did not go beyond the limits of his official authority, but that he executed said writ of sequestration in a legal manner, by dispossessing the plaintiff's family and his household effects from said premises on the —— day of March, 1889; that such officer and his assistants, in removing the effects of plaintiff Slade from said premises at said time, used ordinary care and prudence, but in such removal the furniture and effects belonging to said plaintiff were injured to the amount of $3.75, to-wit, quilts, $2, one chair, $1.25, and one bedstead, 50 cents, aggregating $3.75; and that plaintiff is entitled to recover this amount.

"3. I find that plaintiff is not entitled to any exemplary damages."

It was the duty of the officer executing the writ to remove the defendant in the writ, and his family and goods and property, bodily from the premises, unless he consented to and removed of his own accord. In executing the writ by removal of the household goods, the officer being compelled and forced to do so by the command of the writ and the refusal of the defendant therein to remove from the premises, he is held only to the use of ordinary care in such cases, and the court having found that he used ordinary care, and did not exceed his official authority, and was not actuated by malice or any ill feeling, he was fully protected by his writ, and the court below erred in rendering judgment against him under the conclusions of fact found. 2 Freeman on Executions (2d ed.), secs. 473, 474.

We therefore reverse the judgment herein, and render the same in favor of appellants.

*Reversed and rendered.*