SPERO v. PETERS et al. (No. 9211.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 17, 1920.)

1. EVIDENCE ⬩83(7)—SHERIFF PRESUMED TO PERFORM DUTY IN EXECUTING WRIT OF SEQUESTRATION.

There is a presumption that a sheriff did his duty and executed writ of sequestration sued out by plaintiff as soon as temporary injunction against execution procured by defendant was dissolved.

2. INJUNCTION ⬩12 — WILL NOT ISSUE AGAINST WRIT OF SEQUESTRATION ALREADY EXECUTED.

Writ of injunction will not issue against execution of a writ of sequestration which has already been executed; the remedy of the complaining party being an action for damages.

3. SEQUESTRATION ⬩17—SUBLESSEE NOT ENTITLED TO REPLEVY PROPERTY ON EXECUTION OF BOND IN DOUBLE VALUE OF PLAINTIFF'S LEASEHOLD INTEREST.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 7094, 7095, 7097, 7103, plaintiff lessee suing a sublessee to recover possession of the premises in order to secure writ of sequestration was required to state in his affidavit the value of the property sought to be sequestered, and not the value of his leasehold interest therein, and defendant sublessee was not entitled to replevy the property, on levy of the writ of sequestration, by execution and delivery of bond for double the real value of plaintiff's interest.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by James Peters and others against Henry Spero. From an order dissolving temporary injunction issued at defendant's instance against execution of writ of sequestration, he appeals. Affirmed.

Sam J. Hunter, of Ft. Worth, for appellant. McLean, Scott & McLean, of Ft. Worth, for appellees.

CONNER, C. J. This case arises out of the conflicting claims of the parties to the possession of a building located at 913 Houston street, Ft. Worth, Tex. The record discloses that appellees on April 1, 1915, secured a lease on the building from its owner for a term of five years, ending April 1, 1920. On April 13, 1916, appellees subleased the premises to the appellant for a period of two years, ending April 13, 1918. Appellant continued in possession until on April 24, 1919, when appellees instituted suit in the district court to recover possession of the premises, at the same time suing out, in due form, a writ of sequestration. Appellant forthwith presented an answer and cross-plea seeking to enjoin the execution of the writ of sequestration which had been issued upon allegations to the effect that he was lawfully entitled to possession under an oral contract, partly executed by the payment of the consideration, extending his lease for a period of four years from and after the expiration of his original lease on April 13, 1918.

Appellant further alleged that the plaintiffs, appellees here, wrongfully and falsely stated in the affidavit made by them to procure the writ that the property in controversy was of the value of $25,000; that he (appellant) was unable to give a bond as required by the statute in double the amount of this sum, but was able to give a replevy bond in the sum of $1,800, which he alleged was double the amount of the real value of the property. In addition to the prayer for the writ of injunction, he further prayed that the sheriff, in whose hands the writ of sequestration was, and who it was alleged had refused to receive a bond less than the amount of the value of the property as stated in the affidavit for the writ of sequestration, be required by a writ of mandamus to accept a replevy bond in the sum of $1,800, tendered by him, appellant.

Upon the filing of said answer by defendant, the court ordered the issuance of a temporary writ of injunction, but the temporary writ issued pursuant to the order was dissolved on the hearing of appellees' application to so do, and this appeal is from order of dissolution.

[1, 2] The questions presented have been pressed upon us with considerable vigor, but we fail to see just how we can afford appellant any relief from the wrongs of which he complains. As already stated, the writ of sequestration was in the hands of the sheriff at the time of the dissolution of the writ. It then became his duty to use diligence to execute the writ unless by order of the court the temporary writ was continued during the pendency of the appeal, and this the record shows the court refused to do, although appellant applied therefor. The presumption therefore is that the sheriff did his duty, and that he has already executed the writ of sequestration by dispossessing appellant. Moreover, the unqualified statement in appellant's brief is that "appellant was ejected from the premises." If so, as we must conclude, it would seem to be idle and useless to now undertake to enjoin acts already performed, however wrongful. In such cases the remedy of the complaining party is an action for damages.

Should it be contended, however, that appellant showed himself entitled to the writ of mandamus, it must be said that, aside from its connection with the order dissolving the writ of injunction, and considered alone as an order denying the writ of mandamus, no statute has been called to our attention

authorizing an appeal from such an interlocutory order.

[3] But, aside from the suggestions that we have made, we will briefly notice the merits of the appeal as presented in appellant's brief. As may be noted from what we have already said, the substance of appellants' complaint is: That, being entitled to the possession of the premises in controversy by virtue of a valid contract extending his lease, he was entitled to replevy the property upon the levy of the writ of sequestration by the execution and delivery of a bond in the sum of $1,800, which he alleged to be the real value of the property in controversy, and that the sheriff should be compelled to accept as sufficient a bond in that sum. The statutes relating to the subject are, first article 7094, V. S. Tex. Civ. Stats., which provides that:

"Judges * * * of the district and county courts, and justices of the peace, shall, at the commencement or during the progress of any civil suit, before final judgment, have power to issue writs of sequestration, returnable to their respective courts. * * *

"When any person sues for the title or possession of real property, and makes oath that he fears the defendant, or person in possession thereof will make use of his possession to injure such property, or waste or convert to his own use the fruits or revenue produced by the same."

The next article provides that:

"No sequestration shall issue in any cause until the party applying therefor shall file an affidavit in writing stating:

"1. That he is the owner of the property sued for, or some interest therein, specifying such interest, and is entitled to the possession thereof. * * *

"3. The property to be sequestered shall be described with such certainty that it may be identified and distinguished from property of a like kind, giving the value of each article of the property and the county in which the same is situated," etc.

Article 7097 provides that:

"Nor shall a writ of sequestration issue in any case until the party applying therefor has filed with the judge, clerk of justice of the peace to whom he applies, a bond payable to the defendant for a sum of money not less than double the value of the property to be sequestered, as stated in his affidavit, with two or more good and sufficient sureties, to be approved by such judge, clerk, or justice of the peace," etc.

Article 7103 reads:

"When property has been sequestered, the defendant shall have the right to retain possession of the same by delivering to the officer executing the writ his bond, payable to the plaintiff, with two or more good and sufficient sureties, to be approved by such officer, for an amount of money not less than double the value of the property to be replevied."

The answer of appellant admits that the premises in controversy are of the actual value of $25,000, but the insistence is that the appellees' interest therein, being a leasehold only, is worth no more than $900, and that therefore he is entitled to replevy by giving a sufficient bond in double that amount. But we think this contention is based upon a misconstruction of the effect of the statutes to which we have referred. The suit of the plaintiffs below was not merely to establish the superiority of their title, or to recover the value thereof in any event, but it was to recover "possession" of the real property in controversy. Questions relating to the character or value of the title upon which his right to possession was based are but incident to the main question, which is: Who is entitled to the possession? In such cases, as seen by article 7094, supra, the plaintiff, in order to secure the writ of sequestration, was required to state in his affidavit the value of the property sought to be sequestered, and not the value of his interest therein. It follows, we think, if our construction of the statutes is correct, that the defendant showed neither right to the writ of injunction nor to the writ of mandamus. On the whole, we think appellant's remedy for the wrongs, if any, of which he complains must be found in an action for damages.

The judgment below is in all things affirmed.