**WALKER et ux. v. KINGSBURY et al.**

**No. 11607.**

Court of Civil Appeals of Texas. San Antonio.

May 22, 1946.

Rehearing Denied June 19, 1946.

E. C. Overall, of San Antonio, for appellants.

Guy Cater, of San Antonio, for appellees.

NORVELL, Justice.

This is an appeal from an interlocutory order refusing a temporary injunction. The following statement of the case is taken largely from appellants' brief.

"Appellee F. H. Kingsbury brought suit in trespass to try title to Lots 7 and 8, Block 13, New City Block 7321, of the City of San Antonio, Texas, in Bexar County, Texas. Only formal elements in

214

trespass to try title were pleaded, with affidavit for writ of sequestration as part thereof, alleging the value of the property at $1,000.00. Simultaneous with the filing of the petition bond was filed, and writ of sequestration issued, and executed by the sheriff of Bexar County, Texas."

Appellants, Morris Selves Walker and wife, Myrtle Walker, did not replevy the property from the sheriff, whereupon appellee gave a replevy bond.

"Appellants, by first amended original answer, specially pleaded their title to said property, in which they set up the purchase under a contract of sale executed by appellee Kingsbury and alleging fraud and breach of contract. And by cross-action, as cross plaintiffs, again specially pleaded their title (contract), and sought a temporary restraining order against appellees to prevent eviction under said writ of sequestration and replevy."

Appellants alleged that they had not executed a replevy bond because of financial inability. On January 11, 1946, a temporary restraining order was issued, but upon a hearing, had on January 15, 1946, appellants' application for temporary injunction against Kingsbury and the sheriff of Bexar County was denied.

The issue upon this appeal is whether or not the trial judge abused his discretion in refusing to issue an order restraining the sheriff from further proceeding as directed by the writ of sequestration and the replevy made in connection therewith. The issue is not which party is entitled to recovery upon the merits in the trespass to try title action.

The return of the sheriff upon the writ of sequestration shows that the writ was executed on December 18, 1945. As to an execution of a writ of sequestration see Patton v. Slade, 15 Tex.Civ.App. 156, 38 S.W. 832. Seemingly, however, the sheriff had not at the time of the hearing below actually removed appellants and their property from the premises.

However, in Spero v. Peters, Tex.Civ. App., 219 S.W. 514, it was held that when a writ of sequestration was in the hands of the sheriff at the time of the dissolution of a temporary injunction against its execu-

tion, it would be presumed by the appellate court that the sheriff had executed the writ and dispossessed the appellants. It was further held that an injunction would not issue against a writ of sequestration already executed.

In this case, the temporary restraining order was only effective until January 15, 1946, at which time the hearing was had upon the application for temporary injunction. No application was made to the trial court for an order suspending execution of the writ pending appeal. Appellants did file a combination supersedeas and cost bond for appeal, but this did not have the effect of reviving or continuing the temporary restraining order which ceased to be effective from and after the hearing had on January 15, 1946. Fort Worth Street Railway Company v. Rosedale Street Railway Company, 68 Tex. 163, 7 S. W. 381; Id. 68 Tex. 169, 4 S.W. 534.

However, should we assume, contrary to the presumption indulged in Spero v. Peters, supra, that the sheriff has not dispossessed appellants, we believe the trial court's action is sustained upon the theory that appellants have an adequate remedy at law. This matter is fully discussed in the case of Beck v. Priddy, Tex.Com.App., 252 S.W. 476, and need not be repeated here. See also, 38 Tex.Jur. 191, § 33.

Appellants also make some contention that the removal of appellants from the premises sought to be effected by means of a trespass to try title action and a writ of sequestration should not be allowed because certain notices were not given appellants nor were they filed with the area rent office as required by the regulations of the Office of Price Administration. The OPA regulations as to notice, etc., might possibly have some application if appellants were tenants of the appellee Kingsbury. The trial court presumedly held that they were not tenants and we find no evidence which would compel a contrary finding as a matter of law. The contract here involved and mentioned above purports to be a contract of sale. There is no pleading or evidence that it was a mere subterfuge and we do not construe the terms of the contract alone as creating the legal relationship of land-

lord and tenant between Kingsbury and the appellants.

No abuse of discretion on the part of the trial judge being shown, the order appealed from is affirmed.