**WIGHT et al. v. KING.**

No. 4706.

Court of Civil Appeals of Texas. El Paso.

Dec. 14, 1949.

Wm. C. Collins, Pecos, Henry Russell, Pecos, Martelle McDonald, Odessa, for appellants.

Klapproth & Hamilton, Midland, for appellee.

PRICE, Chief Justice.

This is an appeal from the order of the Judge of the District Court of Winkler County granting a temporary injunction.

The case was disposed of on the petition and answer with the exception that defendants (appellants here) introduced in evidence an application to probate an alleged noncupative will of Mrs. John Henry Wallace. It is not urged here by any of the parties that such application has any particular relevancy in the disposition of this appeal.

E. O. (Buck) King, hereinafter called "appellee", filed suit against S. B. Wight and Ben Jenkins, individually and as administrators of the estate of Mrs. John Henry Wallace, deceased. The said defendants will be hereinafter designated as "appellants" and Mrs. John Henry Wallace, deceased, as "Mrs. Wallace."

In substance appellee alleged that at the time of the death of Mrs. Wallace's husband, Joe Wallace, appellee and said Joe Wallace were partners in ranching operations conducted on the Joe Wallace Ranch in Winkler County. The assets of said partnership consisted of 350 head of cattle worth in excess of one thousand dollars; that appellee owned an undivided one-fourth interest in said cattle and Joe Wallace an undivided three-fourths interest; that further assets of the partnership was the right to the use of the Joe Wallace Ranch for the incidental ranching operations. That among the assets was a jeep truck. It was alleged that under the terms of the partnership appellee was to live in the ranch house and was to manage and operate the partnership affairs and to draw as compensation therefor the sum of $200.-00 per month for himself and wife and that he was also to receive from Joe Wallace such groceries and provisions as were necessary.

The death of Joe Wallace is averred, and that he predeceased his wife.

The grounds of complaint against appellants were alleged substantially as follows: That prior to November 11, 1949, they demanded of appellee the possession of said ranch and cattle, and have persisted in said demand and in harassing appellee in the management and winding up of said ranch, further that on or about the 11th day of November, 1949, appellants borrowed from appellee the jeep in question, promising to return same on or about November 15, 1949, that appellants have failed and refused to return said jeep, that this is the only four wheel drive truck on the Joe

Wallace Ranch that could travel over such ranch and without the possession of said truck appellee could not properly care for the other assets of the partnership.

Appellee prayed for a temporary mandatory order enjoining appellants from withholding the truck and ordering its return to him forthwith, and that appellees be enjoined from further interfering with his management and winding up of the partnership; such injunction to continue pending the administration and winding up of the partnership affairs. Partition of the cattle in kind was sought, one-fourth to appellee and three-fourths for the estate of Joe Wallace. Appellants replied by numerous special exceptions and further plead in substance denying each and every allegation of plaintiff's petition except where they were expressly admitted in the answer. They aver they are the duly appointed, qualified and acting administrators of the estate of Mrs. Wallace; that she died on the 8th day of October, 1949, surviving her husband Joe Wallace, who died on the 6th day of September, 1949; that she was only married once, she left no children born to her, and she and the said Joe Wallace did not adopt any children; that her father and mother predeceased her; that she left surviving her her brother, Schuyler B. Wight, and three sisters, Laura W. Evans, Edith W. Jenkins and Inez W. Reiser, who are her heirs, and she left no will disposing of the property herein involved. That at the time of her death she was seized and possessed of the cattle in question here. A description of the ranch is set forth and same is alleged to be improved; that appellee and his wife are on the ranch and are trespassers; that they have demanded possession of the ranch and cattle but that appellee refused same; that appellee was employed by Joe Wallace as foreman of said ranch and to look after said cattle and improvements and to receive for said service $125.00 per month; his wife was cooking for the deceased Joe Wallace and taking care of headquarters and received therefor the sum of $75.00 per month; that after the death of Wallace on the 6th day of September, 1949, the said appellee began to claim a one-fourth interest in said cat-

tle and has seized and is undertaking to hold possession of all of said cattle; that said cattle are of the reasonable cash value of $31,400.00; that he has no interest in said cattle; that the ranch of which appellee wrongfully holds possession is of the value of $40,500.00; that no such partnership existed between Joe Wallace and appellee; that Joe Wallace did not own said land but same was purchased by Mrs. Wallace and the title is in her name and the cattle were owned by her and are now owned by her brother and sisters, who are her legal heirs. Appellants likewise are seeking to have established whether appellee has any interest in the cattle, likewise pray that if it be established that appellee have any interest in said cattle that same be partitioned. They also seek for a judgment for the title and possession of the cattle and for the possession of the ranch in question. The pleading of appellee is duly verified, and likewise the pleading of appellants.

The court entered an order reciting in substance that the appellants were withholding a jeep truck necessary in the operation of said ranch and which jeep was a part of the alleged partnership and necessary to the operation of such partnership, and the status quo prior to the time defendants took possession of said jeep should be maintained and that it further appearing from statement of defendants that they intended to sue out a writ of sequestration and they have asked the court whether such act would violate the terms of this injunction, and the court having stated that it would, it is accordingly adjudged and decreed that the clerk of the court issue a writ of injunction pending final termination and hearing of this cause restraining appellants individually and as administrators from withholding the possession of the 1948 jeep which they took from appellee, and ordering appellants to return said pickup to appellee forthwith, and restraining said defendants from further interfering with appellee in his management in winding up said alleged partnership assets by a writ of sequestration or otherwise, the said writ to be accompanied by a true and correct copy of plaintiff's petition. The writ was to issue upon the appellee filing with

the clerk a good and sufficient bond in the sum of $250.00, conditioned as the law requires.

This controversy involves the title to and possession of something over 300 head of cattle, one truck, and the right to hold possession of the Joe Wallace Ranch until an alleged partnership be administered by the surviving partner. The truck involved at the time of the application for temporary injunction was in possession of appellants, although appellee claims appellants obtained possession thereof by borrowing same with a promise to return in a day or two. In any event, appellants did not resort to trespass in order to obtain possession of the truck. There is a substantial dispute between the parties as to who is entitled to possession of the truck and who has title to the cattle involved.

■ Where there is a dispute over the title to personal property a temporary injunction is not ordinarily the appropriate remedy to obtain possession thereof; this is especially true where possession was not obtained by trespass. Collins v. Humble Oil & Refining Co., Tex.Civ.App., 223 S. W. 696; 24 Tex.Jur. p. 141, par. 100; 6 Tex.Jur.Sup. p. 31, par. 150; Morgan v. Smart, Tex.Civ.App., 88 S.W.2d 769.

■ The court erred in awarding a temporary mandatory injunction commanding the return of the truck to appellee.

■ The injunction denies the right of appellants to sue out a writ of sequestration. The title to these cattle and the truck is in dispute. Appellee's petition does not show why it would be inequitable to accord the appellants the right given them by Sec. 2 of Art. 6840, Vernon's Annotated Statutes. The right of replevin affords ample protection to appellee. Any legitimate right of appellee may be amply protected by the bond required before appellants can obtain a writ of sequestration. 38 Tex.Jur. p. 191, par. 33; Beck v. Priddy, Tex.Com.App., 252 S.W. 476; Lipscomb v.

Butler, Tex.Civ.App., 35 S.W.2d 742; Walker v. Kingsbury, Tex.Civ.App., 195 S. W.2d 213.

The court erred in granting the temporary injunction preventing appellant from obtaining the issuance of a writ of sequestration. The order provides that appellant be enjoined from further interfering with the administration and winding up of the alleged partnership.

Aside from the truck there is no allegation that appellants have in any way interfered with any rights of appellee, or threatened so to do. It is true that they have demanded the possession of the cattle and the ranch from appellee. This is certainly no illegitimate interference with appellee. This is no illegitimate interference even though appellee has an interest in the cattle and truck, as alleged by him. Under this injunction appellee on a bond of $250.-00 is given the control and management of cattle which appellants allege are worth at $30,000.00. Appellants are denied the legal right to obtain a writ of sequestration. If appellants obtained a writ of sequestration they would be compelled to give bond for a sum not less than double the value of the property to be sequestered. See Rule 698, Texas Rules of Civil Procedure.

As has been stated, the title to these cattle is the resolving factor in this case. Appellee by his sworn petition asserts title; appellants by their sworn answer assert the title and right of possession was in Mrs. Wallace at the time of her death, and as administrators assert their right to possession. It may be that in some cases a district judge has the discretion to grant a temporary injunction on the pleadings where the equities are denied by the defendant's answer, but we see no occasion for a temporary injunction in this case.

It is ordered that the order of the trial judge granting the injunction herein be dissolved, and insofar as this proceeding involves the temporary injunction same be in all things dismissed.