**WESTSIDE AIRWAYS, INC., Appellant,**

v.

**JR AIRCRAFT CORPORATION, et al., Appellee.**

**No. C–14–84–144CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 28, 1985.

John B. Geddie, Houston, for appellant.

O.W. Bussey, Jr., Randy Wilson, Greenwood, Koby, Old, Pinson & Bussey, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

This is an appeal from an order granting a temporary injunction. Appellant, Westside Airways, Inc., raises seven points of error attacking the granting of the temporary injunction. We affirm.

This appeal arises out of a dispute over possession of an aircraft. Appellant operates an airplane management company. As part of that business, Appellant fueled and repaired aircraft, provided hanger space, supplied aircraft management services and chartered aircraft. Appellees, JR Aircraft Corp., T.H. & M.A. Corp., AG Aircraft Corp., and LJ Aircraft Corp., own four aircraft. These four aircraft were used by Appellees and by companies affiliated with Appellees. Appellant had provided services to these aircraft and the aircraft were stored in Appellant's hangers. In January 1984, a dispute arose over the aircraft services provided by Appellant. Three of the four aircraft owned by Appellees were removed from Appellant's possession. On January 18, 1984, the fourth aircraft, a Lear Jet with a registration number of N47JR, was being moved when an employee or agent of Appellant blocked it's path with a vehicle and prevented it from moving.

On the same day, Appellees obtained a temporary restraining order which directed Appellant to refrain from interfering with the use or possession of the Lear Jet by Appellee, JR Aircraft Corp. Ten days later, a full hearing was had on Appellees' application for a temporary injunction. Appellant asserted that it was owed money for services provided to Appellees and claimed a possessory mechanics and materialman's lien on the Lear Jet, flight books, and other personal property associated with all four aircraft. Appellees did not dispute the existence of a debt to Appellant but there was sharp conflict as to the amount of the debt. After the hearing, the trial court issued the temporary injunction. The injunction restrained Appellant from interfering with Appellees' use and possession of the aircraft and commanding Appellant to turn over possession of the flight books, logs and other equipment to Appellees. The bond for the temporary injunction was set at $150,000.

■ The standard for reviewing the granting of a temporary injunction is whether the trial court's action amounted to a clear abuse of discretion. *Deblo, Inc. v. State*, 654 S.W.2d 807 (Tex.App.—Houston [14th Dist.] 1983, writ dism'd); *County of Harris v. Southern Pacific Transportation Co.*, 457 S.W.2d 336 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ). Appellant has the burden of establishing such an abuse of discretion.

Appellant's first point of error is that the trial court erred in granting a temporary injunction because Appellees had an adequate remedy at law. Appellant argues that the remedy of sequestration was available to Appellees to obtain possession of the aircraft and the only other harm could have been solved by a suit for monetary damages.

■ We assume that Appellees could have filed an application for a writ of sequestration and sequestered the airplane. However, Appellant would have then had the right to replevy the airplane. *See* TEX.R.CIV.P. 701. It would appear that Appellees could only replevy the sequestered aircraft if Appellant had not done so within ten days after levy of the writ of sequestration. TEX.R.CIV.P. 708. This series of events would deny Appellees possession of their property and the resulting potential business that the aircraft could generate. The net effect would not be an adequate remedy.

■ An injunction may not always be an appropriate remedy. Where there is a dispute over title to personal property a temporary injunction is not ordinarily the appropriate remedy to obtain possession thereof; this is especially true where possession was not obtained by trespass. *Wight v. King*, 227 S.W.2d 336, 339 (Tex. Civ.App.—El Paso 1949, no writ). Both cases cited in support of this statement in *Wight* support the conclusion that an injunction is a proper method to transfer possession of property when that possession has been forcibly or fraudulently obtained by the defendant. *Morgan v. Smart*, 88 S.W.2d 769, 771 (Tex.Civ.App.—Eastland 1935, no writ); *Collins v. Humble Oil & Refining Co.*, 223 S.W. 696, 699 (Tex.Civ.App.—Fort Worth 1920, no writ).

■ In our facts, title to the airplane is not in dispute. There is evidence in the record that Appellees peacefully obtained possession of the plane and that Appellant forcibly interfered with that possession. Appellees did not seek to enjoin Appellant from obtaining a writ of sequestration. Appellees only sought to regain effective possession of their personal property. Under these circumstances, the trial court could conclude that sequestration was not an adequate remedy.

We do not believe that the possibility of an ineffective but available remedy is the same as an adequate remedy at law. Under the facts and allegations contained in the record, the trial court could conclude there was no adequate remedy at law. Point of error one is overruled.

■ Point of error two is that "the trial court erred in granting a temporary injunction against Appellant that was mandatory

in nature and not warranted by the facts." In point of error five, Appellant alleges the injunction was erroneous because there was no evidence of imminent harm or irreparable injury. We agree that a mandatory injunction should not be granted in the absence of the potential of imminent harm or irreparable injury. However, we cannot agree that the trial court abused its discretion.

An abuse of discretion does not exist where the trial court bases its decision on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). The evidence in the record was conflicting but there was testimony that Appellees would be "irreparably harmed" if the injunction were not granted. There was evidence that the value of the airplanes would be incalculably decreased if the log books were not released. The trial court could have concluded that the imminent harm or irreparable element necessary for a mandatory injunction was satisfied. Points of error two and five are overruled.

Appellant's third point is that the injunction erroneously changed the status quo rather than maintaining it. The parties vigorously disagree as to what the status quo was in this case. Appellees presented evidence that Appellant's employees, at the direction of a representative of Appellees, towed the aircraft out of the hanger to a public taxiway, the tow-motor pulling the plane had been disconnected, one of Appellees pilots started moving the plane forward, and then Appellant blocked the plane's path with a car. Appellees argue that the last peaceful, non-contested status was just prior to the time the vehicle blocked the airplane's path. Appellant argues that it never gave up possession of the aircraft and the last peaceful, non-contested status was when it blocked the path of the jet with the car. The evidence presents a factual question as to when the last peaceful, non-contested status existed. The trial court had support in the record for the conclusion that possession of the jet, and the possessory lien had been released, and the last non-contested status

was just prior to the time the aircraft's path was blocked. The trial court did not abuse its discretion. *Davis v. Huey*, 571 S.W.2d at 862. Point of error three is overruled.

Appellant's fourth point is that there was no allegation or evidence of any wrongful act to restrain by way of the order. Appellee's allegations and evidence would support the conclusion that Appellant's acts amounted to an unlawful conversion. Appellant has not shown that the trial court abused its discretion. The fourth point is overruled.

The temporary injunction contained language referring to two letters of credit. Appellees agree with Appellant's sixth point of error that there was no evidence at the hearing on those letters of credit and the challenged language was improperly included in the order. We do not believe that the trial court's error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. TEX.R.CIV.P. 434. The error can be cured by deleting the reference to the letters of credit from order granting the temporary injunction. The order is hereby modified by deleting the following paragraph:

IT IS FURTHER ORDERED that Westside Airways, Inc. be, and is hereby, commanded to desist and is enjoined to refrain from calling or drawing upon Mercury Savings Letter of Credit No. 0005 and Mercury Savings Letter of Credit No. H0016, dated August 5, 1983 and November 16, 1983 respectively.

With this modification, point of error four is overruled.

The seventh point is that "the trial court abused its discretion in setting the bond for the temporary injunction order at less than the full amount of Appellees' account with Appellant." The purpose of a temporary injunction bond is to secure payment to the party against whom the injunction is granted for the amount of damages sustained as a result of the injunction being erroneously granted. *City of Houston*

*v. Plantation Land Co.,* 440 S.W.2d 691 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.). The bond is not issued to secure an alleged underlying debt. The trial court set the bond in the amount of $150,000. We cannot say that setting the bond in that amount constituted an abuse of discretion. Point of error seven is overruled.

The judgment, as modified, is affirmed.