# MEMORANDUM OPINION

No. 04-08-00055-CV

**ALERT 24 SECURITY, LLC**, Adelina B. Federico and Jesus Hernandez Alcocer,
Appellants

v.

**ADT SECURITY SERVICES, S.A. DE C.V.**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2006-CVQ-001051-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by:    Alma L. López, Chief Justice

Sitting:        Alma L. López, Chief Justice
                Karen Angelini, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:   June 11, 2008

AFFIRMED

Alert 24 Security, LLC, Adelina B. Federico, and Jesus Hernandez Alcocer (collectively

"Alert 24") appeal the trial court's order denying their motion for temporary injunction.  Alert 24

contends the trial court abused its discretion in denying the motion because no adequate remedy at

law existed.[1]  Although Alert 24 refers to a letter from the trial court stating that the motion was denied because Alert 24 had an adequate remedy at law, the trial court's order does not state a specific basis for its ruling.[2]  We affirm the trial court's order.

## BACKGROUND

ADT Security Services, S.A. de C.V. provides security monitoring services for approximately 190,000 customers in Mexico.  In June of 2006, ADT sued Alert 24 seeking damages to compensate ADT for Alert 24's alleged tortious conduct, "including the disruption of [ADT's] business."  Alert 24 filed a counterclaim, asserting that it owned the majority of the monitoring equipment located in the homes of ADT's customers, and ADT has refused to pay Alert 24 for the use of the equipment. Alert 24 contends that it purchased the equipment in 2002 from ADT's former dealers for $1.00 per unit.  ADT's position is that the equipment is owned by the 190,000 customers.[3]

In April of 2007, Alert 24 filed a motion for a temporary injunction seeking to: (1) enjoin ADT from using Alert 24's equipment; or, in the alternative: (2) require ADT to deposit into the registry of the court all proceeds from the use of Alert 24's equipment which Alert 24 argued at the temporary injunction hearing would be $20,520,000.00 in past proceeds and $5,130,000.00 each

---

[1] Alert 24 also contends that the trial court refused to set a hearing on its motion to reconsider its temporary injunction.  Alert 24 fails to provide any record citation to any such motion or to a request for a hearing on the motion, and we have not located such a motion or request in the record filed in this appeal.  Accordingly, this issue is overruled. *See* TEX. R. APP. P. 38.1(h); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  In addition, appellee's motion to strike is granted, and this court will not consider any evidence attached to the appellants' brief that is not included in our appellate record.  *In re Estate of Bendtsen*, 230 S.W.3d 823, 830 (Tex. App.—Dallas 2007, pet. denied); *Myer v. Cuevas*, 119 S.W.3d 830, 836 (Tex. App.—San Antonio 2003, no pet.).

[2] *See Gulf States Utilities Co. v. Low*, 79 S.W.3d 561, 565 (Tex. 2002) (noting post-verdict letter does not provide basis for decision because it is interlocutory and was not incorporated into the final judgment); *Cherokee Water Co. v. Gregg County Appraisal Dist.*, 801 S.W.2d 872, 878 (Tex. 1990) (noting letter from trial court is not competent evidence of the trial court's basis for judgment and is not a finding of fact).

[3] In an arbitration proceeding in Mexico between ADT and a few of its former dealers, a panel of arbitrators determined that the parties "failed to demonstrate who the owner of the [equipment] was" and that the arbitration court had "no capacity to resolve whether subscriber clients are or are not owners of the [equipment]."

month beginning July 1, 2007. At the hearing on its motion, Alert 24 conceded that the request to enjoin the use of the equipment being used to provide service to 190,000 customers in Mexico was not practical. As a result, the trial court only heard evidence regarding Alert 24's request that ADT be required to deposit money into the registry of the court for the use of the equipment Alert 24 alleged that it owned. After a five-day hearing, the trial court denied the temporary injunction.

## DISCUSSION

Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion. *Id*. The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id*. The trial court does not abuse its discretion if some evidence reasonably supports the trial court's decision. *Id*. at 211.

A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id*. at 204. A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Id*. The status quo is the last actual, peaceable, noncontested status which preceded the pending controversy. *Metra United Escalante, L.P. v. Lynd Co.*, 158 S.W.3d 535, 544 (Tex. App.—San Antonio 2004, no pet.).

In this case, the trial court heard evidence that the last actual, peaceable, noncontested status which preceded the pending controversy was ADT's provision of security monitoring services to its 190,000 customers in Mexico and its collection of its monitoring fee from its customers. The pending controversy arose only when Alert 24 allegedly purchased the monitoring equipment from ADT's former dealers. Because the deposit of the lump sum of $20,520,000.00 and the monthly sum

of $5,130,000.00 out of the monitoring fee collected by ADT into the court registry would alter the status quo, the trial court did not abuse its discretion in denying the temporary injunction.

Moreover, where there is a dispute over title to personal property, a temporary injunction is not ordinarily the appropriate remedy to obtain possession thereof; this is especially true where possession was not obtained by trespass. *Westside Airways, Inc. v. JR Aircraft Corp.*, 694 S.W.2d 100, 103 (Tex. App.—Houston [14th Dist.] 1985, no pet.); *Wight v. King*, 227 S.W.2d 336, 339 (Tex. Civ. App.—El Paso 1949, no writ). Alert 24 concedes that it would not be practical for the trial court to give it possession of the monitoring equipment that ADT is using to provide services to its 190,000 customers in Mexico. In fact, Alert 24 has not even sued ADT for the return of the monitoring equipment which is undisputedly in the possession of the 190,000 customers. Just as it would be inappropriate for a temporary injunction to give Alert 24 possession of the equipment, it would be equally inappropriate for Alert 24 or the court to obtain possession of the proceeds from the use of that equipment until the dispute over the title to the monitoring equipment is resolved. As the trial court stated at the end of the hearing, "It's inconceivable to me that you have come to ask me for an injunction on the basis of paying two hundred thousand dollars for equipment that somehow ownership has been in dispute for six years or five years."

## CONCLUSION

The trial court's order is affirmed.

Alma L. López, Chief Justice